**Emilia Suzana WIDJAJA, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 02–73515.

Agency No. A75–708–539.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 14, 2005.

James L. Rosenberg, Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Don G. Scroggin, U.S.Department of Justice Civil Division, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM***

Emilia Suzana Widjaja, an ethnically Chinese Christian and native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the conclusion that Widjaja did not suffer past persecution in Indonesia. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995). Substantial evidence also supports the finding that Widjaja failed to demonstrate a well-founded fear of persecution, because she failed to show the "comparatively low" *individualized* risk required by *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004).

Moreover, Widjaja failed to establish that ethnic Chinese Christians in Indonesia are subject to the systematic mistreatment that is required to demonstrate

a "pattern or practice" of persecution. *See Kotasz v. INS*, 31 F.3d 847, 852–53 (9th Cir.1994); 8 C.F.R. § 208.13(b)(2)(iii).

Because Widjaja failed to establish eligibility for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Hakeem*, 273 F.3d at 816–17.

## PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

